IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Magdiela Judith De Leon, | NO. C 09-3664 JW |
| Petitioner, | **ORDER DISMISSING HABEAS CORPUS PETITION FOR LACK OF JURISDICTION; VACATING ORDER GRANTING MOTION FOR STAY OF EXECUTION OF REMOVAL ORDER** |
| v. | |
| Janet Napolitano, Secretary, Department of Homeland Security, et al., | |
| Respondents. | |

## I. INTRODUCTION

Magdiela Judith De Leon ("Petitioner") brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3) against Janet Napolitano, Secretary of Department of Homeland Security and other officials[1] (collectively, "Respondents"), concerning her 2009 deportation order from the Board of Immigration Appeals, Executive Office for Immigration Review (BIA).

On September 2, 2009, the Court granted Petitioner's Motion for Stay of Execution of Removal Order and set a briefing schedule for the parties to fully brief the merits of the Petition. (Docket Item No. 8.) Presently before the Court are the parties' completed briefs regarding the Petition. The Court finds it appropriate to take the matter under submission without oral argument. See Habeas L.R. 2254-8. Based on the papers submitted to date, the Court DISMISSES the Petition for lack of subject matter jurisdiction.

---

[1] Other Respondents include Timothy Aiken, Field Office Director of Immigration and Customs Enforcement and Eric Holder, Jr., the Attorney General of the United States.

## II. BACKGROUND

In 1991, Petitioner, a Guatemalan national, entered the United States of America.[2] Petitioner entered this country without admission or parole after inspection.[3] On April 12, 2002, Petitioner's application for political asylum was rejected and a Notice to Appear was issued by INS. (Id.) Petitioner then applied for cancellation of removal for certain non-permanent resident aliens. On March 8, 2004, a hearing was held and the application was denied on the grounds that Petitioner failed to meet her burden of proof. (Id. at 5.) This hearing included information regarding Petitioner's medical condition.[4]

On May 25, 2005, Petitioner's administrative appeal to the BIA was affirmed. (Petition at 5.) Petitioner then moved the BIA for an order re-opening removal proceedings based on the learning disability of one of her sons. On September 13, 2005, the BIA denied Petitioner's motion. (Id.) On March 28, 2008, Petitioner was arrested by San Francisco - Ice's Detention and Removal Fugitive Operations Unit after failing to surrender for removal as scheduled.[5] Due to her medical condition and the fact that Petitioner had children, Petitioner was released on an Order of Supervision and placed on the Intensive Supervision Appearance Program with the understanding that she would make travel arrangements to return to Guatemala. (Opposition at 4; Petition at 6.)

On July 2, 2008, Petitioner applied for a deferral of her removal for one year. (Petition at 6.) No action was taken by Respondents. (Petition at 7; Opposition at 4.) One year later, on July 2,

---

[2] (Petition for Writ of Habeas Corpus at 1, 4, hereafter, "Petition," Docket Item No. 1.)

[3] (Opposition to the Petition for Writ of Habeas Corpus at 2, hereafter, "Opposition," Docket Item No. 10.)

[4] According to the Immigration Judge, in December 2002, Petitioner was diagnosed with thyroid cancer and underwent a thyroidectomy for the condition. Petitioner was given a pill containing radioactive iodine and was informed by the doctors that she needed to take this medicine daily for the rest of her life. Petitioner claims that she needs to see the doctor every three months. (Petition, Ex. L.)

[5] (Reply to Respondents' Opposition to the Petition for Writ of Habeas Corpus at 4, hereafter, "Reply," Docket Item No. 11.)

2

2009, Petitioner applied for a Further Application of Deferred Action and Stay of Removal. (Id.) On July 10, 2009, the request for stay of removal was denied. (Opposition at 4.) On August 7, 2009, Petitioner amended her further application for deferred action and submitted two letters updating her medical condition.[6]

On August 10, 2009, Petitioner sought review of ICE's denial of her application for a stay of removal in the United States Court of Appeals for the Ninth Circuit. (Id.) On August 10, 2009, the Ninth Circuit issued a temporary stay in DeLeon v. Holder, Case No. 09-72534.

On August 11, 2009, Respondents denied Petitioner's request for deferral of action, though the letter was not mailed until August 14, 2009. (Reply at 3.) On the same day, Petitioner filed her Petition for Writ of Habeas Corpus with this Court and sought a stay of the execution of removal. (Docket Item Nos. 1, 4.) On September 2, 2009, the Court granted Petitioner's unopposed motion for stay. (Docket Item No. 8.)

On September 4, 2009, Petitioner then filed a motion in the Ninth Circuit for voluntary dismissal of the petition to review the denial of her application for removal. On September 8, 2009, the Ninth Circuit granted the motion. (Opposition at 5.)

## III. DISCUSSION

Petitioner moves the Court to review the BIA's May 25, 2005 final administrative order of removal on the grounds that, *inter alia*, it violates the due process clause of the Fifth Amendment. (Petition at 3.) Respondents have raised an issue with respect to the Court's jurisdiction to entertain

---

[6] The first letter was from Elizabeth F. Thomas, M.D., Petitioner's treating physician. In that letter Dr. Thomas notes that in December 2002, Petitioner was diagnosed with papillary carcinoma, follicular variant. Petitioner underwent a thyroidectomy for the condition in 2002, with remnant ablation in 2003. (Petition, Ex. D.) Petitioner receives biannual radiation suppression treatments, has been prescribed Levothroid, and undergoes periodic body scans. (Petition at 2.) Further, Petitioner's medical condition requires continued suppressive treatment which qualifies her for medical necessity to remain in the United States. (Petition, Ex. D.)
In the second letter, Edililo de Jesus Ovalle Soto, a surgeon and Director of Health Center, Municipio de Palestina, de los Alto, Department of Quetzaltenango, Guatemala, claims that the medications for "Carcinoma Del Foliculo Papilar" are "not available nor can be found" in Guatemala to provide proper follow up treatments for Petitioner. (Petition, Ex. E.) The letter was dated July 23, 2009, according to the translation, but dated July 20, 2009, according to the Spanish language version. (Id.)

this Petition. (Opposition at 6.) Thus, the Court first considers the threshold issue of its jurisdiction because it is may be dispositive.

On May 11, 2005, Congress enacted the REAL ID Act which stripped district courts of habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. See 8 U.S.C. § 1252(a)(5). Specifically, § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Further, Subsection (b)(9) of § 1252 provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

The Act made the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). However, the Act's jurisdiction-stripping provision "does not apply to federal habeas corpus petitions that do not involve final orders of removal." Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). "Therefore, in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal . . . pursuant to 28 U.S.C. § 2241." Id. at 1076.

In this case, Petitioner seeks an order staying the execution of the removal order, as well as an order directing Respondents to adjudicate the motion to re-open and reconsider the stay

application and application for deferral. (Petition at 5.) In essence, Petitioner seeks an order vacating Respondents' denial of the stay application and vacating Respondents' denial of the application for deferral. However, it is clear that the Court lacks jurisdiction over such a challenge because the request to halt the execution of the final orders of removal "arise[s] from" an "action" or a "proceeding" brought in connection with Petitioner's removal,[7] or from "the decision or action" to "execute removal orders against" Petitioner.[8] See, e.g., Nken v. Chertoff, 559 F. Supp. 2d 32, 36 (D.D.C. 2008); Ernawati v. Gonzales, 2007 WL 2156603, at *2 (W.D. Wash. July 25, 2007). Under these circumstances, it appears that the REAL ID Act vests exclusive jurisdiction in the Ninth Circuit Court of Appeals. See 8 U.S.C. §§ 1252(a)(5), (b)(2).

Petitioner's attempt to plead around the Court's lack of jurisdiction by alleging due process claims based on alleged failure of the agencies to adhere to routine discretionary decisions is unavailing. See 8 U.S.C. § 1252(a)(2)(B)(ii.) Petitioner alleges in relevant part:

> [Respondents have failed] to exercise discretion and adjudicate an administrative application for deferral of removal at all over the past year despite two successive applications and an amendment thereto, in violation of the due process clause of the Fifth Amendment and in violation of the internal policies of DHS/ICE pursuant to statute, 8 USC, Section 1103(a)(3) based on the refusal to exercise discretion [sic]. (Petition at 3.)
>
> [Respondents have failed] to issue a decision which complies with the regulation, and have created an arbitrary, capricious and irrational classification under the regulation as applied to petitioner in adjudicating petitioner's application for a stay of removal based on her serious medical condition, in violation of the regulation and the due process clause of the Fifth Amendment and the equal protection component thereof. (Petition at 3-4.)

First, Petitioner's claim that the agency failed to adjudicate her applications for deferral of removal is contrary to the record. (Opposition at 4, Ex. 1.) Second, Petitioner's claim that the agency's classification is "capricious and irrational" does not raise "constitutional claims or questions of law" as contemplated by the Act. See Turcios v. Holder, 582 F.3d 1075, 1077 (9th Cir. 2009).

Equally unavailing is Petitioner's reliance on Singh v. Gonzales for the proposition that a post-final administrative order of removal which violates the due process under the Fifth

---

[7] 8 U.S.C. § 1252(b)(9).

[8] 8 U.S.C. § 1252(g).

5

Amendment can be reviewed by a district court under habeas proceedings.[9]  499 F.3d 969 (9th Cir. 2007).  In Singh the Ninth Circuit considered whether the REAL ID Act stripped the district court of jurisdiction over an ineffective assistance of counsel claim involving an attorney's failure to file a timely Petition for Review of the BIA's decision.  The Ninth Circuit observed that the petitioner's claimed injury was "the deprivation of an opportunity for direct review of the order of removal in the court of appeals," and determined that under the REAL ID Act, the district court had jurisdiction because "a successful habeas petition . . . [would] lead to nothing more than 'a day in court' for [the petitioner], which is consistent with Congressional intent underlying the REAL ID Act."  Id. at 979.  Accordingly, the Ninth Circuit did not construe the ineffective assistance claim as a request for judicial review of the final order of removal.  Id.  Singh is also distinguishable from the facts of this case because Petitioner does not claim ineffective assistance of counsel.

In sum, the Court finds that it does not have jurisdiction to entertain this Petition.  Accordingly, the Petition is DISMISSED.

### IV.  CONCLUSION

The Court DISMISSES the Petition for Writ of Habeas Corpus for lack of subject matter jurisdiction.  In light of this Order, the Court VACATES its September 2, 2009 Order Granting Motion to Stay of Execution of Removal Order.

The Clerk of Court shall close this file.

Dated:  December 9, 2009

JAMES WARE
United States District Judge

---

[9]  (Reply at 10.)

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Edward A. Olsen edward.olsen@usdoj.gov
James Todd Bennett bennettjt13@hotmail.com

| **Dated:  December 9, 2009** | **Richard W. Wieking, Clerk** |
|---|---|
| | **By:     /s/ JW Chambers**<br>    **Elizabeth Garcia**<br>    **Courtroom Deputy** |